Morning, may it please the court. My name is Deborah Ellis and I represent Robert Ford Robert Ford appeals from the denial of his petition or motion for relief filed under section 22 55 of title 28 Following his trial in the Southern District of South Dakota He was found guilty of sexual. He was found not guilty of sexual abuse, but guilty of kidnapping His case was before this court on direct appeal and in an opinion authored by Judge Smith in 2013 his conviction of kidnapping was affirmed and the issue on the direct appeal was whether his conviction of Kidnapping for restraining is Weston to prevent her from reporting a sexual abuse Could be sustained based on his acquittal of the sexual abuse and this court held that there was no conviction necessary of sexual abuse to sustain the kidnapping because He could have held her on the belief that she intended to report of abuse even if it had not occurred in his 2255 motion He has alleged ineffective assistance of counsel for failing to investigate and uncover evidence That would have served to undermine miss Weston's credibility Showing her bias her interest her unreliability and lack of credibility on the charges the district court focused on the prejudice prong of Strickland and Thus did not order a hearing The judges the judge concluded that there was no prejudice because even Dead that's true magistrate judges Findings and conclusions were were summarily and adopted in full. Correct. We we have to Give some level of deference or consideration to the magistrate judges Peek if you will into deliberate The performance I agree I Would like to focus first on the prejudice I think I think that's right But I I assume you're gonna are you gonna start with your hearing argument because because I'm I want to talk about that But go I don't want to Well, I would agree that there's Well, if if there's a finding that there's just no possibility of prejudice And of course, I suppose the court doesn't have to order an evidentiary here What hearing was requested a hearing on the issue of ineffective assistance? Would have been the evidentiary component of that hearing it would have been an opportunity to call trial counsel to present trial counsel with evidence that he did not obtain and he admits in his own affidavit that he we have a seven page Singles based affidavit from the trial attorney, right? Which says I wish I had more so is well You see I'm terribly confused as to whether you you contemplated and I don't know whether you were were the Whether you're new for the appeal or not, but in any event Was was this was this a failure to call? Impeaching witnesses at trial or a failure to use judicial and other record Documentary records to cross-examine this West. Oh Because okay now if it's the witnesses then I would expect is the trial court and a circuit precedent That the trial court said who do you want to call and why? And then I'll and and when I get an answer to that, I'll tell you whether you get a hearing I don't see that in the in the briefing here or in the in the appendix. Okay Well, I believe that I have shown that there's a wealth of information That the trial counsel did not have and trial counsel said that would have been helpful like a false allegation of kidnapping that's The ineffective assistance was caught not calling Gunderson and everything else everyone else who lay behind the 10 or 12 Run-ins, if you will that miss Weston clearly had with law enforcement or tribal authorities trial court Wait a minute. That would have been that would have been so many many trials that no trial court would ever have have tolerated that Well in so by the time and then by the time so it seems to me that we we we are lacking here and I think it was Mr. Ford's attorney's burden to present to the district court exactly what factual inquiry was needed for a hearing and absent What why we have a pretty good record of what your investigator found what counsel's investigator found and what counsel thought of the Process I think absent the finding that there's no prejudice then the next Step would have been okay. I'll set this for a hearing Tell me who you're going to call or you exchange witnesses in the past. I've done many of these It's both prongs Are affected and when you allege ineffective assistance of counsel? I expect that I will call defense counsel and if I don't call defense counsel And I just call an expert to say this was totally ineffective because defense counsel didn't use this then the prosecution Calls the defense counsel to say well, maybe if I had known that I wouldn't have used it So I don't I mean I wouldn't expect that I have to say I'm gonna call defense counsel because that kind of goes part and parcel with the claim of ineffective assistance of counsel Seven page one line single spaced affidavit from defense counsel Who I who obviously would prefer not to have? His practice interrupted by this of course and it's self-serving the district judge has a discretionary decision to make But the affidavit doesn't give me enough to proceed because there's no cross-examination That went with that affidavit. And so it is he's trying to preserve himself, of course Fine then I have him under oath and with cross-examination and showing him As well as performance But I'm cut off at the prejudice I mean that once the court just says seems it's kind of convenient to say doesn't really matter whatever you say I'm not finding I find these three other pieces of evidence so strong And if it was made on what You considered an inadequate record there should have been a motion for reconsideration No, I didn't the trial court. I believe made its decision on no prejudice just based on the trial record and interestingly, yes, the magistrate went through combed through the file and determined the magistrate had not sat as the presiding court and Decided that there's three little pieces of evidence were so strong that it didn't really matter Counsel those other pieces of evidence were evidence that didn't depend upon the credibility of the victim, right? And so however much impeachment you put in to discredit the victim. There were other persons present Who testified about their impressions of what had happened that were consistent? With the statement that she was held there against her will actually I don't believe that they were consistent I mean if you're talking about Mr. Sherman and miss Redhart who said that one said he heard a commotion at some point and the other woman said she heard a Sound like a shattered soul Well a commotion was it furniture that was moving was it a bed leg that scraped of it I mean, there's nothing to suggest That whatever commotion or shattered soul shattered soul was there a groan was there a guttural sound I mean I don't I don't believe so. Your honor. I believe that The subject of the direct and cross of the two people with two witnesses outside the room I think that The the point is if the trial court is going to look at three pieces of evidence that they that the trial court said this was so Convincing that nothing you say about what trial counsel did or did not do this conviction on Kidnapping would stand based upon bruises when she's asked. How did you get those? she said I have no idea and based upon two people saying they heard a commotion of no particular designation These are issues of the court the district court pulled out on its own and then does any of the proposed evidence that was missed Affect the credibility of the two outside witnesses as opposed to the victim No goes to miss Weston and so I believe that this court would have to find and At no point has anyone said this evidence was so strong or so overwhelming that there's no way in on this earth that this Kidnapping conviction could not have been sustained So aside from the commotion and the bruises which she has no idea how she got them then there's the issue of he made a call to her mother and the Magistrate relies on the fact that the prosecutor argued. Well, why would he call her mother if She was free to leave But I mean, that's just kind of all You know various interpretations, but he called her mother because he found her in a state that he says was either What as a mental breakdown she's having a fit or an attack is what he told her cousin So it defies logic that he was going to call Her mother after he had attacked her and held her against her will I'd also note that the district court does sort of a circular argument in a Rationale for saying that there's no need for a hearing because this other evidence is apparently so strong but The district court said that the commotion was heard As evidence of confinement while he was detaining Weston well, that's circular. That's saying he was detaining and then there was the commotion There's a commotion that was heard. It wasn't Connected up in any way shape or form to any confinement similarly, the district court found phone calls were made while he was detaining Weston and again, the court then is making a finding of detention and Then saying the phone call supports it And in fact both the magistrate and the district court seemed to say or want to imply that bruise Commotion and his phone call to her mother were so strong that any other Deficiencies by counsel or any other problems with the case, but not a matter particularly Problems with her credibility because the jury already took that in account in in acquitting him of the sexual assault not necessarily because there was a medical evidence to contradict that and defense counsel as the court noted brought out some inconsistencies between what she told the police and what she testified to and then brought in medical evidence and the medical evidence was probably more what impeached her claim of sexual assault Unless the court finds that This other evidence was so strong that there's no other way that he that I mean that he absolutely would have been convicted of Kidnapping then I think that it's incumbent upon the court to remand or the The the additional evidence was all to attack her credibility and character Right, and if so, if you think what the district court is is is talking about is objective evidence consistent with guilt So I don't think I don't think you're I think you're overstating It suggested that objective evidence is weak and it is not consistent with guilt That more bad character evidence and there was obviously much of anyway that more would have made a difference well, I think a key one would be he she made a false allegation of Kidnapping against her ex-husband and wife. Obviously, she probably was mad because No, I don't believe so because that would have been Only if she denies it so she could be asked on direct on cross-examination You're here testifying in this trial sexual abuse and Kidnapping alleging that you've been confined You haven't claimed in the past that other people have done it You have made claims of kidnapping in the past. Yes or no? You claim that your ex-husband kidnapped your children. She could say yes, and that and You claim that because you were mad and you lost Custody of them and that wasn't true. He was awarded the custody and you claimed it was kidnapping Better and better or different impeachment alone establishing a habeas claim 2255 prejudice claim that your trial counsel did not have all the infirmity My what? Pardon me What's your best case for the proposition that a little bit better or a lot better impeachment would have Is sufficient to establish a 2255? I think in Strickland. I think in Strickland. It talks about the failing to invest Right, but facts in Strickland Okay Factually relevant cases lawyers never give us that I'm sorry, I'm sorry, then I can't cite to you one right off the bat Okay. Thank you. I see my time is up. Thank you. Thank you. Mrs. Ellis Mr. Kohler Mr. Kohler, I think you could cut right to the chase if you will highlight for us What's in this record that would support upholding the conviction? even if the victims Credibility is eliminated entirely. Thank you. Your honor. I'm Kevin Colliner from South Dakota here arguing for the government I'm here to say that we agree with the district court entirely in this case and both the district court and the magistrate detailed variety of pieces of evidence here that were distinct from Miss Weston's crest Even if it in even if it interferes with your idea of a logical presentation, I I'm I'm sorry. I Perhaps I misunderstood the question because I well my question was let's get right to it What do you have if if we just assumed the victim couldn't be believed at all? What is left of a case against the defendant that he had committed the crime of conviction? and what I was About to say was to talk about the evidence of the kidnapping aside from miss Weston's testimony Outline it for us and that includes there are four separate witnesses including miss Weston, but it's mr. Sherman miss red earth and then also the The Physician's assistant mrs Deutscher who talked about the bruises and so we have the two witnesses who are there with miss Weston the night before who testified at trial And who also told the FBI agent that the bruising that they saw on her the following morning? Was not present the night before we have the physician's assistant who testified not only miss Weston Reported to her that the bruising was new but that in her Experience based upon her medical experience the bruising appeared to her to be new the jury also saw photographs of the bruising and in the closing argument the prosecutor talked about how they could use their common sense and Their own experiences to judge from the photos that the redness and the darkness of the bruising made those bruises appear to be new bruises We also have testimony about this commotion that the witnesses heard from the bedroom We heard that mr. Ford left upset. We heard that miss Weston was upset Mr. Ford even agreed in his testimony that he was the one who had miss Weston cell phone He was the one that made the call to Miss Weston's mother when asked on cross-examination Why did you use her phone to call her mother if she wanted to talk to her mom? His response was beats the heck out of me That's all evidence aside from miss Weston's Credibility that goes to the kidnapping. Of course the kidnapping here was defined That if if he uses her cell phone to call her mother what what is it factually support this is all circumstantial evidence There's nothing definitive here, but it all Circumstantial but circumstantial proof of what it proves that she was being confined in the way that she claimed And that the confinement was in order to stop her from reporting a sexual attack So it corroborates what she said her testimony about being confined and We also The two witnesses who were present what did they testify to well, mr. Sherman he testified that you know He'd been there the night before that there had been a drinking party going on then in the next morning. He awoke he heard At some point he heard some commotion in a bedroom I believe his testimony was that he and miss Red Earth were in the kitchen maybe making some breakfast And he walked over. Mr. Ford came out of the bedroom door as he walked up. He found miss Weston on the floor He found her curled up. She was upset. She was crying Mr. Ford left the property abruptly. Mr. Sherman testified that she looked like she'd been quote roughed up She had red marks on her arm her face was swollen she didn't have those marks the night before When the term commotion is used was that explored and it's it's in and of itself quite vague it could be anything from people cheering at a sports event or someone screaming for Survival, I believe there were some follow-up questions asked to both witnesses on that question That's where Michelle Red Earth testified about how she heard a sound like a fractured soul She claimed that she heard a cry or a scream coming from the room I believe one of the two witnesses testified. It sounded like furniture was being moved That there was you know, a muffled sound one of them talked about of some sort of distress we also had testimony from Michelle Red Earth again Very similar to mr. Sherman that she was in the kitchen. They heard this sound they went to the bedroom They found her on the floor crying trembling She said she used the word broken in a heap. Then. She said that miss Weston said to her He did wrong and pointed towards. Mr. Ford who was at that point leaving abruptly out of the house Again she testified about marks on the arms and legs that weren't there the night before I Had also point out that there was cross-examination of both of these witnesses and this goes to the effectiveness prong but defense counsel Explored all of this testimony explored the timeline with both of these witnesses There was a great discrepancy here about what time all this occurred and the defense counsel talked a lot about that He established that Miss Red Earth hadn't seen mr. Ford or miss Weston before This incident in the hallway or in the bedroom that morning and Mr. Sherman he cross-examined nailing again down the timeline and established that Whether he could hear these sounds in the bedroom or any sounds before that. So It's not as though counsel, you know sat on his hands and let this testimony come in without Exploring it in detail I'd also like to talk about the question that judge Loken asked at the beginning about the evidentiary hearing The record is replete with all of the evidence that Mr. Ford thinks that his counsel should have found and gotten in the government didn't file a motion to strike when the 2255 was filed and in Attached as exhibits all of these tribal documents all of these arrest records Affidavits from a private investigator hired by defense and also a letter signed by someone claiming that Miss Weston had talked about kidnapping. So Essentially this evidentiary hearing that's being requested has already occurred. It's in the record. It's so largely in the appendix All this information was considered by the magistrate court discussed at length And also discussed by the district court So it is wasn't part of the reason for rejecting the claim that some of these weren't even going to be admissible though That's right And you know the magistrate the report and recommendations really does a job of going through each and every One of those and I'll remind the court of kind of what the distinct pieces of evidence are here there's a protection order from December 14th 2010 Okay, it seems to me what we don't have for the prejudice ruling is a precise handle on what Mr. Ford's post-conviction attorneys think the think the trial record would have looked like if all of these Deficiencies had been had been run through and Screened out for those that were inadmissible and so forth and so on. We're aren't we making a prejudice ruling here? Would only have We have sure we have all of the raw facts From which the distillation would have begun, but we don't we don't have the distilled facts of what the trial would have looked like had Certain deficient performance Allegations that were sustainable What we do have from the report and recommendations is The court went through all of these pieces of evidence and found that in all but a couple potential cases It was all inadmissible Because out of their misdemeanors Only if it goes to the untruthfulness of the witness, right so You've got you've got the record counsel talked about the false so-called false charges of Kidnapping of children and so forth. So you've got whatever court records there are and then you ask her In cross-exam and you get maybe she admits it Maybe she doesn't if she doesn't then you go into what the what the right string sick evidence impeachment rules allow well At the end of the day you you you have a probably a at least somewhat if not dramatically different Trial record and then you make your prejudice ruling don't you isn't that the normal way to do this? Well, I I guess I may take issue with whether or not even this statement of prior kidnapping would be admissible But I I think your general question Right, I you know, there's an assumption being made that that would be admissible and then It's more likely just there's somewhat some more impeaching Evidence and then we have the question. How would she have answered if it's just impeaching or let's suppose investigator is is the counsel's Ineffective if count if investigator Malloy didn't do all he told counsel he had done Which is what counsel's affidavit recites in some detail, right? Well, okay if that's if counsel is not If Malloy's failings are not attributable to counsel under Strickland now, we've got a completely different case Right. How can how can we? Do this? Well, there's no prejudice appeal ruling without those without that detail the district court talked about Cast in terms of the Strickland standard that it's not just you know, some potential effect Some possibility of an effect on outcome read probability right and so what's being offered here on a 2255 or just some at best some alternative explanations for some of the evidence not That's ignoring the impeachment Well Her past is such that no jury would have credited her with anything if they knew If to be admissible, it must be go to her truthfulness Prove right that's not that's that's ignoring the possibility that that she would have blushed and been forced to admit 70 80 percent of this I guess my my point back to the beginning your honor is that The items that are discussed in the 2255 don't go to truthfulness aside from three insufficient fund checks Potentially going to truthfulness Now give me the case that best supports the proposition that you can't win a 2255 just by with better impeachment And ineffective assistance claim my my perhaps my point that I'm not making. Well, is that this was an impeachment a reckless driving DUI's misdemeanor DUI's The guts of it was if the jury had understood her her character and History of untruthfulness. They never would have believed the thing. She said I agree, but the pieces of information that are discussed in the 2255 Don't deal with truthfulness The Sunderland That was a mutual Protective order entered into by both parties. It doesn't Right, it doesn't go to truthfulness though it goes to two people throwing things at one another and I guess my point is the authority is is simply rule 609 in the sense that To be admissible. It either has to go to it has to be, you know prior felonies or it has to go to rule 608 to 609 kicks in after the cross-exam If it goes to truthfulness under 608 so If the evil witness has admitted the truth of the impeaching facts you never get to 609 I Think that's probably correct But here we don't have facts that go to truthfulness that are even being alleged We have some some insufficient fund checks I think three different ones from about seven years the latest to which seven years before the trial in terms of potentially admissible Allegations about her past records. That's the only one that the magistrate in the report and recommendations said was even questionable So applying the Strickland standard to that Is that the sort of? Information that has a Real chance a substantial probability of changing the outcome And counsel argued to have that admitted and counsel asked questions about it counsel won that argument and And on cross-examination the prosecutor asked more questions about it and you know Mr. Ford when he testified he did talk about how How he was going to have to go to court because he was a witness He did then on cross talk about About how the charges were dismissed They did talk about these pending tribal charges. I see that I'm out of time unless there's further questions. I'll take my seat Thank You, mr. Coleman Miss Ellis your rebuttal. Oh Did she have any time left Well, did you hear anything that you absolutely feel the court needs to hear him but I won't just correct at one factual point and that is that The evidence was that mr Ford used his own phone and his phone records were Introduced by the defense that he used his own phone to call her mother because he found that she was in need of some assistance So that was a misstatement of the facts and there are many other arguments, but I will rest on Opening arguments. Thank you. Thank you. Miss Ellis Court, thanks both counsel for the argument you provided to the court and the briefing which you've submitted We will take the case under advisement